IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-30023 |
| | ) | |
| FADIL KASA, a/k/a | ) | |
| FADIL KASOSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Response to Defendant's Motion in Limine and Request for Reconsideration of Court's Order (d/e 16) (Request for Reconsideration), and Government's Motion to Redact Surplusage from the Indictment (d/e 17) (Motion to Redact Surplusage).  After carefully reviewing the Motions and the Defendant's Response to the Request for Reconsideration, the Court allows in part the Request for Reconsideration, and allows the Motion to Redact Surplusage.

Kasa is charged with knowingly securing naturalization contrary to law

by making false statements during the citizenship application process. Indictment (d/e 4). The false statements concerned Kasa's commission of the crime of aggravated criminal sexual abuse in late 2002 or early 2003; his arrest for this offense on June 16, 2003; and the fact that he was formally charged with aggravated criminal sexual abuse and criminal sexual assault on July 10, 2003, and was served with the charges on that day. Kasa subsequently pleaded guilty to the aggravated criminal sexual abuse charge, and the other charge was dismissed.

The Court previously ruled that the Government could introduce evidence of the prior arrests, the name of the crimes for which Kasa was arrested, and the fact that he entered a guilty plea to one charge, but could not introduce other evidence concerning the details and facts of the underlying charges. The Government asks the Court to reconsider this ruling. Minute Entry entered September 17, 2008.

After careful review, the Court determines that the Government can admit evidence of: (1) the date, or approximate date, of the offense for which Kasa was arrested and charged, and to which he pleaded guilty; (2) the date of the arrest; (3) the date that Kasa was served with the charges; (4) the two crimes charged; and (5) the date that he pleaded guilty to one

2

of the charges, the name of the charge to which he pleaded guilty, and the name of the charge that was dismissed. The sequence of events is necessary for the Government to prove its case, and the risk of unfair prejudice does not substantially outweigh the probative value of the evidence. Fed. R. Evid. 403.

The Government may use any appropriate evidence to prove the sequence of events that does not disclose additional details of the crime. For example, the Government could prove these matters by admitting into evidence properly authenticated records of the state criminal proceedings. The parties could also stipulate to these matters if they so desire.[1]

The Government may not admit evidence of further details about the underlying crime unless Kasa presents evidence that, at the time he made one or more of the allegedly false statements in his citizen application process, he did not know that he had committed a crime, or that he did not know that he had been arrested or charged with the crime. If Kasa presents such evidence, then the Government may be allowed to present additional evidence to rebut Kasa's claim of lack of knowledge. Such additional

---

[1] The Court does not mean to restrict the manner in which the Government may prove these facts.

evidence may need to include additional details concerning the crime. The exact scope of such evidence would depend on the evidence of lack of knowledge presented by Kasa at trial. If the Court allows additional evidence of details of the crime, the parties may request a limiting instruction to avoid any possible prejudice.

Defendant Kasa further requests that the Government redact from the Indictment the following phrase in Paragraph 6 of the indictment: "by having had sex with a 16 year old girl." <u>Defendant's Reply to the Government's Request for Reconsideration (d/e 18)</u>, ¶ 7. The Court denies the request. The phrase by itself does not unfairly prejudice Kasa. The primary risk of prejudice comes from the fact that Kasa was charged with sex offenses and pleaded guilty to a sex offense. Even after the proposed redaction, the Indictment would still allege that Kasa committed, and pleaded guilty to, the crime of aggravated criminal sexual abuse. The limited information that the crime involved a 16 year old girl would not provide any additional prejudice to Kasa. The request is denied.

The Government also asks the Court to redact the phrase "and willfully" from the first page of the Indictment. If so redacted, the Indictment would allege that Kasa knowingly procured and attempted to

procure, contrary to law, his naturalization as a United States citizen, in violation of 18 U.S.C. § 1425. <u>Indictment</u>, at 1. Section 1425 only uses the word "knowingly" to describe the intent requirement. The "and willfully" reference in the Indictment is surplusage and is properly redacted.

THEREFORE, the Government's Response to Defendant's Motion in Limine and Request for Reconsideration of Court's Order (d/e 16) is ALLOWED in part, and the Government's Motion to Redact Surplusage from the Indictment (d/e 17) is ALLOWED. The admissible evidence concerning the underlying crime committed by Kasa is limited in the manner set forth in this Opinion. The Court strikes as surplusage the phrase "and willfully" from the Indictment.

IT IS THEREFORE SO ORDERED.

ENTER: October 8, 2008

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE